UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MELVIN JEROME MARTIN, JR.,           )
                                     )
        Plaintiff,                   )        Civil Action No. 3:21-CV-P147-CHB
                                     )
v.                                   )
                                     )
WELLPATH,                            )        **MEMORANDUM OPINION**
                                     )
        Defendant.                   )

*** *** *** ***

This is a *pro se* prisoner civil-rights action brought by Plaintiff Melvin Jerome Martin, Jr. pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff indicates that he is a pretrial detainee incarcerated at the Louisville Metro Department of Corrections. He names "Wellpath," employed as Wellpath/Nurse, as the only Defendant.

Plaintiff alleges that he was given another inmate's medication on one occasion by Nurse Murphy and Officer S. Dean. He states that he asked to file an incident report but was ignored. He states that two days later he told a sergeant what happened and the sergeant told Plaintiff that he would "let the higher ups know and find out what happened." Plaintiff alleges that as a result of taking the medication, he "started seeing things, my stomach was hurting and I couldn't walk straight, and sharp headaches! Made me feel like my life was really in danger because I didn't

know what to expect . . . ." Plaintiff states that the medication he was mistakenly given was ten milligrams of "Tal-li-dal."

As relief, Plaintiff seeks damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

When a medical-care claim is asserted by a pretrial detainee, the claim is analyzed under the Due Process Clause of the Fourteenth Amendment.  *Griffith v. Franklin County*, 975 F.3d 554, 566–67 (6th Cir. 2020).  Although the Supreme Court has eliminated the subjective prong of excessive-force claims brought by pretrial detainees, *see Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Sixth Circuit continues to apply "the same 'deliberate indifference' framework" to medical-care claims brought by pretrial detainees under the Fourteenth Amendment that

3

applies to Eighth Amendment claims brought by convicted prisoners.  *Griffith*, 975 F.3d at

567; *see also McCain v. St. Clair County*, 750 F. App'x 399, 403 (6th Cir. 2018); *Medley v.*

*Shelby County*, 742 F. App'x 958, 961 (6th Cir. 2018).

To prevail on an Eighth Amendment claim for deliberate indifference to a serious

medical need, a plaintiff must satisfy both an objective and subjective component.  *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994).  The objective component requires the existence of a

"sufficiently serious" medical need.  *Id*.  That is, "the inmate must show that he is incarcerated

under conditions posing a substantial risk of harm." *Id*. (citation omitted).  The subjective

component requires an inmate to show that prison officials have a sufficiently culpable state of

mind in denying him medical care.  *Id*.  In order to satisfy this culpable state of mind, the prison

official "must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw the inference." *Id*. at 837.  "To satisfy the

subjective component, the defendant must possess a 'sufficiently culpable state of mind,' rising

above negligence or even gross negligence and being 'tantamount to intent to punish.'"  *Broyles*

*v. Corr. Med. Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) (quoting *Horn v. Madison Cty.*

*Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)).  The subjective component of a deliberate

indifference claim "is meant to prevent the constitutionalization of medical malpractice

claims." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Comstock*

*v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

Plaintiff's allegation that a nurse dispensed the wrong medication to him fails to state a

claim of constitutional dimensions under the above standard because it establishes nothing more

than negligence.  *See, e.g.*, *Mason v. Eddy*, No. 1:18 CV 2968, 2019 U.S. Dist. LEXIS 134550,

at *24 (N.D. Ohio Aug. 9, 2019) (dismissing § 1983 claim where the plaintiff failed to allege

facts from which the court could infer that the defendant's medication dispensing errors "were anything more than medical negligence"); *Wicker v. Lawless*, 278 F. Supp. 3d 989, 1006 (S.D. Ohio 2017) ("A defendant who negligently dispenses the wrong medication does not violate 42 U.S.C. § 1983 . . . ."); *Winfree v. S. Health Partners*, No. 3:14-CV-01269, 2014 U.S. Dist. LEXIS 91001, at *5 (M.D. Tenn. July 2, 2014) ("Although the plaintiff could potentially have a state-law negligence claim against the nurse [who dispensed incorrect medication], allegations of negligence do not state a claim under § 1983.").

Because the Court is dismissing Plaintiff's constitutional claim for failure to state a claim upon which relief may be granted, it declines to exercise supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3). Plaintiff's state-law claims will be dismissed without prejudice.

**IV.**

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

This the 22nd day of July, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:    Plaintiff, *pro se*
       Defendant
A958.011

5